UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENIR RICHARDSON,

    Plaintiff,

v.                                          Case No:   6:17-cv-940-Orl-41TBS

PARK SOLEIL VACATION OWNERS
ASSOCIATION, INC., THE TUSCANY
VILLAGE VACATION SUITES OWNERS
ASSOCIATION, INC. and PARK HOTELS
& RESORTS, INC.,

    Defendants.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion for Sealed Documents (Doc. 11). Plaintiff complains that Defendants tricked her into purchasing a time share, and then breached their contract with her (Doc. 10). She seeks leave of Court to file the exhibits to her amended complaint under seal because they contain "sensitive information, as banking account and the contract with Hilton Grand Vacations (Doc. 11, ¶ 1). Plaintiff has submitted the following documents to be filed under seal:

    (1) An invoice issued to her by Hilton (Exhibit A).

    (2) A Booking Summary (Exhibit B).

    (3) A VIP Vegas Variety Pass with Lunch or Dinner (Exhibit B-1).

    (4) Rate Details HHonors Discount, Hilton Grand Vacations on the Boulevard (Exhibit B-3).

    (5) A receipt for Plaintiff's stay at the Hilton Garden Inn (Exhibit C).

(6) Confirmation for Plaintiff's attendance at a Hilton Grand Vacations personal presentation (Exhibit D).

(7) Notice of Cancellation (Exhibit E).

(8) Affidavit of Fadel H. Hamdan (Exhibit E-1).

(9) LVH Timeshare Interest Purchase Agreement with multiple attachments (Exhibit E-2).

(10) Automatic Payment Information Form (Exhibit H).

(11) Collections letter (Exhibit H-1).

(12) Collections letter (Exhibit H-2).

(13) Letter from Grand Vacation Services, LLC (Exhibit I).

(14) Hilton HHonors Mutual Fund Account Application (Exhibit I-1).

(15) Email from Hilton Guest Assistance Specialist (Exhibit I-2).

(16) Plaintiff's Credit Score (Exhibit J).

(17) Plaintiff's Credit Score (Exhibit J-1).

Plaintiff's motion to seal is governed by Local Rule 1.09 which provides:

> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of

especially vulnerable persons including minors or persons with disabilities, or protection of non-parties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

(b) If filing under seal is authorized by statute, rule, or order (including an order requiring or permitting a seal and obtained pursuant to (a) of this rule), a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to [Statute, Rule, or Order]" and which includes (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal. The movant shall submit to the Clerk along with a motion under this section each item proposed for sealing. Every order sealing any item pursuant to this section shall state the particular reason the seal is required and shall identify the statute, rule, or order authorizing the seal.

(c) Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal.

(d) The Clerk shall return to the movant any matter for which sealing is denied.

Plaintiff does not allege that the sealing of her exhibits is authorized by a specific "statute, rule, or order." Id. Her motion does not identify or describe the documents to be sealed but she did submit the exhibits and the Court has reviewed them. Plaintiff has not explained why it is necessary to file each of her exhibits, and her generalized, conclusory explanation why sealing is necessary does not satisfy the requirements of Rule 1.09. Plaintiff has also not explained why some means "other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal." Id.

- 3 -

She has not stated the time she proposes the seal remain in effect, and she has not provide "a memorandum of legal authority supporting the seal." Id. Accordingly, Plaintiff's motion is **DENIED without prejudice**, and the Clerk shall return the exhibits to Plaintiff.

Plaintiff is advised of Federal Rule of Civil Procedure 5.2 titled "Privacy Protection for Filings Made with the Court" which provides that social security numbers, taxpayer-identification numbers, birth dates, and financial account numbers should be redacted in papers filed with the court. Plaintiff should consult this Rule, and comply with it.

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties