UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENIR RICHARDSON,

     Plaintiff,

v.                                                    Case No:  6:17-cv-940-Orl-41TBS

PARK SOLEIL VACATION OWNERS
ASSOCIATION, INC., THE TUSCANY
VILLAGE VACATION SUITES OWNERS
ASSOCIATION, INC. and PARK HOTELS
& RESORTS, INC.,

     Defendants.

_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court has construed as a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons that follow, I respectfully recommend that the motion be denied and the case be dismissed.

### Background

On May 24, 2017, Plaintiff filed a complaint against Defendants alleging that they tricked her into purchasing a time share in Las Vegas, Nevada and then breached their contract with her (Doc. 1). Plaintiff contemporaneously filed her *in forma pauperis* motion (Doc. 2). On June 9, 2017, I entered an order in which I outlined some of the deficiencies in Plaintiff's complaint, reserved ruling on her *in forma pauperis* motion, and gave her until June 29, 2017 to amend her complaint (Doc. 5). Plaintiff timely filed her amended complaint but it fails to cure the defects outlined in my June 9th order and is insufficient to

support Plaintiff's application to proceed *in forma pauperis* or to withstand dismissal of this lawsuit (Doc. 10).

## Plaintiff's Allegations

In May of 2016, Plaintiff stayed at a Hilton property which she alleges, sold her personal information to a time share solicitor (Id., ¶¶ 1-3). Plaintiff received a telephone call from a sales person representing Hilton Grand Vacations (Id., ¶ 3). The salesperson offered Plaintiff a three day, four night Las Vegas vacation package for $199 (Id., ¶¶ 5, 7). Plaintiff accepted and travelled to Las Vegas where she attended a sales presentation (Id., ¶ 28). She alleges that the sales people were aggressive and that the presentation ran more than ninety minutes (Id.). When Plaintiff got up to leave, sales people approached and lead her into an office where she signed a contract (Id., ¶¶ 28-30). Plaintiff describes her feelings at this point as intimidated, embarrassed, uncomfortable, and afraid (Id., ¶¶ 28-31). After purchasing a time share interest, Plaintiff attempted, unsuccessfully, to cancel (Id., ¶¶ 16, 33). Now, her primary complaint appears to be that she thought she was buying a studio at the Hilton Grand Vacation at Elara Building in Las Vegas, Nevada but now she understands that all she acquired was the right to stay there a week per year (Id., ¶¶ 4, 7). Plaintiff also complains that she has been charged too much, denied the righty make a reservation, and denied her cancellation rights (Id., ¶¶ 16, 21). She alleges that she was fraudulently induced to buy this timeshare, and that she has been repeatedly mistreated by Hilton since acquiring her interest (Doc. 10). Plaintiff's complaint prays for the return of $11,840 she paid Defendants, additional compensatory damages equal to the amount she spent on her original trip to Las Vegas, and $64,000 in punitive damages (Id., at 8). Plaintiff alleges that she is a resident of the state of Virginia;

Hilton Hotel at Mark Center does business in Virginia; and Hilton Grand Vacations does business in Florida and Nevada (Id., at 2).

Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

A.  The Court Lacks Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) mandates an action be dismissed if the

- 3 -

Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. Federal diversity jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a). A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the Court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

A corporation's citizenship is determined by its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff has failed to allege these facts with respect to any of the Defendants. Consequently, the Court cannot ascertain the Defendants' citizenship and cannot tell whether or not it has subject matter jurisdiction.

Plaintiff has also failed to establish that the amount in controversy meets the jurisdictional requirement. Originally, Plaintiff claimed $11,840.00 in damages (Doc. 1 at 11). I rejected her invocation of the Court's subject matter jurisdiction because this amount is "significantly less than the jurisdictional threshold amount established in 28 U.S.C. § 1332(a)" (Doc. 5 at 3-4). In her amended complaint, Plaintiff contends that she is also entitled to $64,000.00 in punitive damages (Doc. 10 at 8). However, she has not alleged a legal basis for the recovery of punitive damages or how she arrives at the

amount she claims.   It is not possible from Plaintiff's amended complaint to determine any logical connection between the amount and the actual damages that are the basis of the lawsuit.

Plaintiff makes a conclusory allegation that because her lawsuit concerns a timeshare, that the Court must have jurisdiction (Doc. 10 at 2). And she says, if the Court believes it does not have jurisdiction, then the Court should "create a jurisdiction to protect consumers like the plaintiff Lenir Richardson, against these predator's selling time as real estate property." (Id.). But of course, the Court cannot create jurisdiction where none exists.

For these reasons, I find that Plaintiff has failed to cure the jurisdictional defects outlined in my June 9th Order and I respectfully recommend that this case be dismissed for lack of jurisdiction. Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount ...'") (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

Any attempt to invoke this Court's subject matter jurisdiction due to the "federal question" analysis is likewise inadequate. Plaintiff lists several federal statutes and tangentially mentions 15 U.S.C. § 6102 and FICO, but these conclusory references fall well short of establishing federal question jurisdiction.

### B.  The Amended Complaint Fails To State A Cause of Action

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered

paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even pro se litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

In my June 9th order, I observed that,

> Plaintiff complains about how she was treated by Defendants on the day she purchased a timeshare property and over the subsequent months (Doc. 1). She alleges that Defendants offered her an inexpensive weekend trip to Las Vegas, Nevada where she was coerced her into purchasing a timeshare property through the use of "illegal" sales tactics (Id.). Plaintiff alleges that she tried to cancel her purchase the day after she signed the property agreement but Defendants refused to accept her cancellation (Id. ¶¶ 14-15, 32-37). Plaintiff's complaint includes a detailed discussion of her interactions with Defendants, but it fails to state any cause of action upon which relief could be granted by this Court. None of Plaintiff's allegations sound in federal law and she has not plead any legal (i.e. statutory) basis for the Court's jurisdiction over her claims.

(Doc. 5 at 2-3). Plaintiff has done nothing to cure this significant deficiency or to establish a legal basis for her claims. She has simply re-ordered the sequence of her complaint (Doc. 10). As mentioned in section A, supra, Plaintiff's simple list of federal causes of action is inadequate to sustain her responsibility at this state in the litigation.

The amended complaint also fails to state a cause of action because Plaintiff's sole claim against Defendant Park Hotels & Resorts, Inc. is that after she stayed at one of its properties and it sold her personal information to timeshare solicitors. Plaintiff fails to allege how or why this was illegal. She also fails to allege how the sale of her personal

information makes this Defendant liable for the actions or inactions of the other Defendants.

The amended complaint is devoid of allegations of wrongdoing by the remaining Defendants, Tuscany Village Vacation Suites Owners Association, Inc. and Defendant Park Soleil Vacation Owners Association, Inc.

It appears that Plaintiff believes the primary bad actor is Park Hotels & Resorts, Inc. which she alleges, is the parent corporation for Hilton Grand Vacations (Doc. 10, ¶ 1). But, her amended complaint does not seek relief from this corporation.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **denied** and the case be **dismissed without prejudice, without leave to refile**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 17, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    *Pro se* Plaintiff
    Unrepresented Defendants