UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LENIR RICHARDSON,**

    **Plaintiff,**

v.                                                 **Case No: 6:17-cv-940-Orl-41TBS**

**PARK SOLEIL VACATION OWNERS ASSOCIATION, INC., THE TUSCANY VILLAGE VACATION SUITES OWNERS ASSOCIATION, INC. and PARK HOTELS & RESORTS, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application," Doc. 2). United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation (Doc. 14), in which he recommends that the Application be denied and that Plaintiff's Amended Complaint (Doc. 10) be dismissed without leave to amend. Plaintiff filed a timely Objection (Doc. 17).

After a *de novo* review of the record, the Court agrees entirely with the analysis in the Report and Recommendation. Taking all of Plaintiff's allegations in the light most favorable to her, including the additional information provided in Plaintiff's Objection, Plaintiff has still failed to establish that this Court possesses subject matter jurisdiction over the asserted claims. To the extent that Plaintiff attempts to assert state law claims, Plaintiff has failed to allege diversity of citizenship between herself and Defendants to establish diversity jurisdiction. Specifically, Plaintiff has not alleged where Defendants are incorporated or where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen

of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also Idearc Media Corp. v. TSG Media, Inc.*, No. 09-60325-CIV, 2009 WL 546433, at *1 (S.D. Fla. Mar. 4, 2009) (dismissing case for lack of subject matter jurisdiction where the complaint failed to allege a party's citizenship). Furthermore, in her Objection, Plaintiff, a citizen of Virginia, (*see* Doc. 10 at 2), admits that Park Hotels & Resorts, Inc. is also a citizen of Virginia, (Doc. 17 ¶ 16), affirmatively demonstrating that no diversity jurisdiction exists in this case. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that district courts only possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 when "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

Moreover, Plaintiff has failed to sufficiently allege that the Court possesses federal question jurisdiction. Plaintiff begins her Amended Complaint by listing various federal statutes but never connects them to Defendants' alleged wrongdoing. Plaintiff goes on to claim that Defendants are "in violation of FICO," (Doc. 10 at 6), but, again, fails to explain how. Such conclusory allegations, without more, fail to state a claim arising under federal law and are therefore insufficient to establish federal question jurisdiction. *See Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) ("Federal question jurisdiction exists only when the plaintiff['s] well-pleaded complaint presents issues of federal law.").

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 14) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED**.

3. Plaintiff's Amended Complaint (Doc. 10) is **DISMISSED without prejudice**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party